available as a witness. The record does not indicate that any of those named by Ms. Goss were unavailable to testify. (Appeal from order of Erie County Family Court—paternity.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. YUSUF ABDUL ALIM, Also Known as ALBERT McQUEEN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. (Appeal No. 1.)—Appeal unanimously dismissed on stipulation. (Appeal from judgment of Cayuga Supreme Court—habeas corpus.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ In the Matter of YUSUF ABDUL ALIM, Also Known as ALBERT McQUEEN, Appellant, v JOHN DOE or MARY WOE, as Law Clerk of the Cayuga County Supreme Court, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed on stipulation. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ In the Matter of YUSUF ABDUL ALIM, Also Known as ALBERT McQUEEN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. (Appeal No. 3.)—Motion granted and appeal unanimously dismissed. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ In the Matter of YUSUF ABDUL ALIM, Also Known as ALBERT McQUEEN, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. (Appeal No. 4.)—Motion granted and appeal uanimously dismissed. (Appeal from judgment of Cayuga Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ FAY'S DRUG CO. OF RIVERSIDE, INC., Respondent-Appellant, v P & C PROPERTY COOPERATIVE, INC., Respondent, and NICHOLAS J. MASTERPOL, Appellant-Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs, for the reasons stated at Trial Term, Miller, J. (Appeals from order of Onondaga Supreme Court—declaratory judgment.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Moule, JJ.

■ WALTER E. GLASS, as Administrator of the Estate of GLORIA D. GLASS, Deceased, Respondent, v ROCHESTER GENERAL HOSPITAL, Appellant.—Order unanimously affirmed, with costs. Memorandum: Plaintiff's intestate entered the defendant Rochester General Hospital July 1, 1976 for performance of a caesarian section. She did not regain consciousness after the surgery and died in defendant's intensive care unit on July 9, 1976. Plaintiff sued the hospital, the obstetricians and the anesthesiologists for malpractice. The hospital appeals from an order of Special Term which granted plaintiff a further examination before trial so that he could depose Dr. Umansky, an employee of the hospital, who had worked in the ICU when decedent was a patient there. Plaintiff seeks to question Dr. Umansky particularly about an entry that he made in the hospital records which states in part, "it is felt that patient aspirated in the OR with resultant hypoxic cerebral injury." We affirm Special Term's order which provides that plaintiff may question the doctor, "as to the witness' medical opinion concerning the cause of the conditions of the deceased noted by [him] and to the medical grounds thereof including the witnesses [sic] opinion." Plaintiff is entitled to examine defendant through its employees as to "all evidence material and necessary" to the prosecution of the action (CPLR 3101, subd [a]). Evidence of decedent's physical condition after the surgery is relevant to plaintiff's claims, particularly the claim that defendants negligently